UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMMY L. W.,[1] | ) |
| | ) No. 21 CV 6579 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| MARTIN J. O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) July 31, 2024 |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Tammy W. seeks disability insurance benefits ("DIB") and supplemental security income ("SSI") asserting she is disabled by degenerative disc disease of the lumbar spine and Crohn's disease. She brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for benefits. For the following reasons, Tammy's remand request is granted:

**Procedural History**

Tammy filed applications for DIB and SSI in June 2019, alleging a disability onset date of July 6, 2012. (Administrative Record ("A.R.") 15.) Her applications were denied initially and upon reconsideration at the administrative level. (Id. at 69-88, 91-116.) Tammy then sought and was granted a hearing before an Administrative Law Judge ("ALJ"). (Id. at 143-44.) Tammy appeared with her

---

[1] Pursuant to Internal Operating Procedure 22, the court uses Tammy's first name and last initial in this opinion to protect her privacy to the extent possible.

attorney at a May 2021 hearing, during which Tammy and a vocational expert ("VE") testified. (Id. at 33-68.) The ALJ issued her decision later that month ruling that Tammy is not disabled.[2] (Id. at 15-27.) The Appeals Council denied Tammy's request for review, (id. at 1-3), making the ALJ's decision the final decision of the Commissioner, *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). Tammy then filed this action seeking judicial review, and the parties consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); (R. 6).

## Analysis

Tammy argues that the ALJ erred by rejecting the opinion of Dr. Peter Kerstan, her primary care physician, resulting in a flawed residual functional capacity ("RFC") assessment. (R. 16, Pl.'s Mem. at 1, 7-13.) When reviewing the ALJ's decision, the court asks only whether the ALJ applied the correct legal standards and whether the decision has the support of substantial evidence, *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019), which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citations omitted). This deferential standard precludes the court from reweighing the evidence or substituting its judgment for the ALJ's, allowing reversal "only if the record compels" it. *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (quotation and citation

---

[2] The ALJ also determined that the applicable period for Tammy's DIB application is from the alleged onset date of July 6, 2012, through her date last insured of September 30, 2016, and that Tammy is not eligible for SSI benefits prior to June 28, 2019. (A.R. 21.) Tammy does not challenge these findings in this appeal.

2

omitted). However, the ALJ must "provide a logical bridge between the evidence and [her] conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (internal quotation and citation omitted). Put another way, the ALJ's "analysis must say enough to enable a review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). Yet "[a]ll [that is] require[d] is that ALJs provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow [the] reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review.'" *Warnell v. O'Malley,* 97 F.4th 1050, 1054 (7th Cir. 2024). To warrant reversal, a claimant must do more than "nitpick the ALJ's order." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). Indeed, a claimant "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record." *Id.* Having considered the arguments and record under this standard, the court finds that remand is warranted because the ALJ did not support her decision with substantial evidence.

The applicable regulations[3] require that an ALJ not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s),"

---

[3] The court notes that Tammy does not apply the correct standard under which an ALJ must analyze medical opinions. (R. 16, Pl.'s Mem. at 7.) Although Tammy cites to the correct regulation, 20 C.F.R. § 404.1520c, she claims incorrectly that an ALJ is required to "consider the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, the physician's specialty, and extent of the treatment relationship," and should the ALJ fail to do so, "remand is necessary." (Id. (quotation and citation omitted).) Further, the case to which Tammy cites, *Larson v. Astrue*, 615 F.3d 744, 650-51 (7th Cir. 2010), predates the applicable regulation and, therefore, is inconsequential here. Tammy similarly cites other

20 C.F.R. §§ 404.1520c(a), 416.920c(a), but rather must determine the persuasiveness of all medical opinions in the record by considering and explaining the most important factors—supportability and consistency, *id.* §§ 404.1520c, 416.920c(b)(2); *see also Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022). The supportability factor requires the ALJ to consider the objective medical evidence and explanations presented and used by the medical source. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor requires the ALJ to consider and explain how the medical opinion is consistent with all other medical and nonmedical sources. *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). After assessing these factors, the ALJ may, but is not required to, explain how she considered three other factors in her analysis—the medical source's relationship with the claimant, specialization, and other factors that tend to support or contradict the source's opinion. *Id.* §§ 404.1520c, 416.920c(b)(2).

Although Tammy complains about both the ALJ's analysis of opinion evidence and how this analysis affected her RFC assessment, the court begins its review with the ALJ's evaluation of Dr. Kerstan's opinion because any error in this regard would require a reassessment of her RFC. Dr. Kerstan completed an RFC questionnaire for Tammy on March 4, 2021, (A.R. 1736-40), opining that:

> [Tammy's pain] would constantly interfere with attention and concentration; [she] would be capable of low stress jobs; [she could] walk

---

outdated cases, which rely on regulations that only apply to disability claims filed before March 27, 2017, in claiming that "the Seventh Circuit has long held that an ALJ must offer 'good reasons' for discounting the opinion of a medical source." (R. 16, Pl.'s Mem. at 8 (citing *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011) (relying on regulation for claims filed before March 27, 2017); *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011) (same); *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (same)).)

4

>zero blocks without rest or severe pain[,] sit thirty minutes at one time[,] stand fifteen minutes at one time[, and] sit[/]stand/walk less than two hours; [she would] need to include periods of walking around during an eight-hour working day[,] need to shift positions at will[, and] need to take unscheduled breaks every thirty minutes; [she could] never lift any weight[,] never stoop, crouch, and climb ladders[, and] occasionally twist or climb stairs; and [she would] be absent more than four days per month.

(Id. at 24-25 (citing id. at 1736-40).) Tammy argues that the ALJ's dismissal of Dr. Kerstan's opinion was not supported by substantial evidence, in part because she relied on "bases which were demonstrably false." (R. 16, Pl.'s Mem. at 7-13.)

The ALJ found Dr. Kerstan's opinion "not persuasive." (A.R. 25.) She explained that while Dr. Kerstan reported that his opinion was supported by Tammy's mid- and low-back pain with radiation down the legs, "examinations" did not support these limitations. (Id.) The ALJ noted that Dr. Kerstan did not treat Tammy for her pain, but instead "treated her for conditions such as a wart, skin marks, and listened to her concerns about strain at home and the changes at her pain clinic." (Id. (citing id. at 33-68, 1307-85, 1442-1582).) The ALJ also stated that the opinion was inconsistent with the record because Tammy reported "at least fifty, and up to eighty-five, percent improvement in pain with injections." (Id. (citing id. at 1012 (February 2018 epidural injection), 1091 (May 2018 epidural injection), 1164 (August 2018 epidural injection), 1168 (September 2018 epidural injection), 1174 (November 2018 epidural injection), 1184 (April 2019 epidural injection), 1596 (pain clinic notes with summary of previous injections).) Finally, the ALJ stated that Dr. Kerstan's opinion includes "internal" inconsistencies, "such as the requirement of needing to

5

walk every 30 minutes for 5 minutes,"[4] which allegedly contradicts his opinion that she cannot walk for more than 2 hours per workday. (Id. at 25, 1738.) The ALJ pointed to another such "inconsistency" where Dr. Kerstan opined that Tammy cannot lift any weight, despite Tammy's report that she can do household chores. (Id.)

The ALJ's analysis troubles the court for several reasons. First, Dr. Kerstan did more than treat Tammy for minor issues. As Tammy points out, Dr. Kerstan appears to have treated her for a wide range of issues—including pain. (R. 16, Pl.'s Mem. at 9-10 (citing A.R. 1720 (referral to a new pain management specialist), 1716 ("evaluation of pain management"), 1714 (visit for "lumbar radiculopathy").) Dr. Kerstan also ordered an MRI of Tammy's lumbar spine "due to radicular pain." (Id. at 1720.) Further, the ALJ cited to the entirety of Dr. Kerstan's medical notes, and those notes include evidence contradicting the ALJ's own conclusion that Dr. Kerstan did not treat her for pain. (See id. at 1332 (progress note stating Dr. Kerstan assessed Tammy with "chronic pain" and an ambulatory referral to a pain clinic), 1342 (Dr. Kerstan noting Tammy "continues to have chronic back and foot pain" and that "disc disease [was] noted"), 1378 (Dr. Kerstan noting Tammy is "[n]ot able to sit still due to pain" and "[p]ain max 9/10. Worse when it is more humid"), 1570 (Dr. Kerstan stating Tammy is "[n]ot able to work due to the lower back pain," and "still having severe lower back pain," and "still on Percocet with some help").) In addition, at least one note from an emergency room visit demonstrates

---

[4] The ALJ incorrectly summarized Dr. Kerstan's opinion, which states that Tammy would need to walk for 3 minutes every 30 minutes, not 5, (see id. at 1738.)

6

that Tammy was directed to follow up with Dr. Kerstan about her pain symptoms. (See id. at 1104-05 (emergency room note directing Tammy to follow up with Dr. Kerstan regarding pain).)

Next, the ALJ failed to confront corroborating evidence when discounting Dr. Kerstan's opinion. The ALJ asserted that Dr. Kerstan's opinion was not consistent in part because Tammy experienced 50 to 85 percent improvement in pain with injections. Tammy received these epidural steroid injections at the Millenium Pain Center after being referred there by Dr. Kerstan. (See, e.g., id. at 1078, 1087, 1089, 1093, 1095, 1162, 1166, 1177, 1179, 1181, 1183 (listing Dr. Kerstan as referring physician to pain specialist).) Tammy argues that an ALJ may not "cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." (R. 16, Pl.'s Mem. at 10 (citing *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)).)

The court agrees and finds that the ALJ overlooked the extent to which the record supports Dr. Kerstan's opinion. Indeed, the ALJ failed to confront evidence from the pain clinic where she received injections indicating that her pain was "increasing progressively," she was "having severe, debilitating pain that necessitates urgent treatment," and her "symptoms are interfering with daily activity and quality of life [and that her] [t]reatment options are limited." (R. 16, Pl.'s Mem. at 11-12 (citing A.R. 1597, 1621).) And the pain relief upon which the ALJ relies appears to vary in duration. (See A.R. 1596 (summary of Tammy's injections, with one injection resulting in "85% improvement for a month and a half" and another resulting in "50%

improvement for 4 hours").) The ALJ also found "somewhat persuasive" the consultative examiner's opinion that Tammy had "difficulty sitting and standing for any period of time without obvious discomfort." (Id. at 23 (citing id. at 1441).) Yet the ALJ does not mention any of these supporting lines of evidence when rejecting Dr. Kerstan's opinion.

Finally, the ALJ erred when finding "internal" inconsistencies within Dr. Kerstan's opinion. First, the ALJ did not check her math when finding that Dr. Kerstan's opinion that Tammy needed to walk for 5 minutes every 30 minutes exceeds his opinion that she should not walk more than 2 hours per workday. (A.R. 25 (referencing id. at 1736-40).) First, as noted above, the ALJ incorrectly summarized Dr. Kerstan's opinion as stating that Tammy would need to walk for 5 minutes, when in fact Dr. Kerstan opined she would need to walk for 3 minutes every 30 minutes. (R. 16, Pl.'s Mem. at 13 (citing A.R. 1738).) But regardless, Tammy would not exceed Dr. Kerstan's 2-hour walking limit. To be sure, the ALJ miscalculated and concluded that walking 5 minutes every 30 minutes exceeds two hours of total standing or walking time, when it in fact equates to only 80 minutes. And if the ALJ had used the correct figure of 3 minutes, the total walking time would equate to 48 minutes, well below the 2-hour limit.

The government does little to defend this error, nor could it. (R. 18, Govt.'s Mem. at 9 ("[T]he ALJ's conclusion that Dr. Kerstan's opinion was internally inconsistent rests on shaky ground, as the ALJ did miscalculate Dr. Kerstan's posited time away from the workstation when reaching that conclusion.").) The court cannot

8

say whether the ALJ would have reached a different conclusion and found Dr. Kerstan's opinion more persuasive had she taken more care in her calculation. As such, the ALJ failed to trace a "logical bridge" between the evidence and her conclusion, *see Butler v. Kijakazi*, 4 F.4th at 501—a point that even the government seems to concede, (R. 18, Govt.'s Mem. at 9 ("Here, with perhaps one exception, the ALJ's reasons for finding Dr. Kerstan's opinion unpersuasive were not patently erroneous.")). Regardless, the ALJ also erred when explaining that Tammy's ability to perform household chores is inconsistent with Dr. Kerstan's opinion that she is not to lift any weight. (A.R. 25.) It is unclear how doing day-to-day lifting or household chores—which Tammy reported needing to do slowly or with help, (id. at 22 (citing id. at 307, 319-21)), undermines a primary care physician's opinion as to what work restrictions are needed, *see Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009) ("An ALJ cannot disregard a claimant's limitations in performing household activities."); *Mary Frances B. v. Saul*, No. 19 CV 72, 2020 WL 2542160, at *3 (N.D. Ill. May 19, 2020) (ALJ failed to explain how claimant's ability to "care for her personal needs, help care for a dog and bird, prepare meals, do some household chores, drive three times a week, use a computer and shop at Aldi is inconsistent with her alleged pain and limitations").

The court therefore finds that the ALJ's evaluation of Dr. Kerstan's opinion lacks substantial evidence. Without clear "logical bridge" between the evidence and the ALJ's rejection of Dr. Kerstan's opinion, remand is warranted. *See Butler*, 4 F.4th at 501. On remand, the ALJ must grapple with Dr. Kerstan's opinion within the

context of the entire record and consider whether her previous analysis is at odds with the supporting evidence and, if so, how the RFC should be amended to resolve this tension. *Bakke v. Kijakazi*, 62 F.4th 1061, 1069 (7th Cir. 2023) (finding that ALJs "must rest [their] denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade") (quoting *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008)). Without substantial evidence supporting the ALJ's opinion analysis and how such evidence leads to the RFC assigned, the court cannot "assess the validity of the agency's ultimate findings and afford [Tammy] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (quotations and citation omitted).

## Conclusion

For the foregoing reasons, this matter is remanded for further proceedings consistent with this opinion.

ENTER:

_____
**Young B. Kim**
**United States Magistrate**